IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ERIC DWAYNE ROBINSON | § | |
| v. | § | CIVIL ACTION NO. 6:12cv2 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Eric Robinson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Robinson is serving a 99 year sentence for murder, assessed by the 3rd Judicial District Court of Anderson County, Texas on November 30, 1992.  His conviction was affirmed by the Twelfth Judicial Court of Appeals on December 28, 1994, and Robinson did not seek discretionary review, although he did file a state habeas petition on July 8, 2011, which was denied without written order on September 4, 2011.

In his federal petition, Robinson states that he is actually innocent because the autopsy report shows that there was no powder residue, the bullet was deformed but hit no bones, and the deformed bullet did not go through the victim's neck.  He says that this proves that the bullet hit something hard before it hit the victim, and that the lack of powder residue contradicts the medical examiner's testimony that the victim was shot from one and a half to two feet away.  Along with "other evidence," Robinson says that this shows that the victim was shot from outside of the moving car,

1

rather than his having shot the victim who was sitting next to him.  According to Robinson, all of this evidence is in the autopsy report.

After review of the pleadings, the Magistrate Judge ordered Robinson to show cause why his petition should not be barred by the statute of limitations.  Day v. McDonough, 547 U.S. 198, 210 (2006).  Robinson filed a response to this order saying that he had "newly discovered evidence" and that he is within one year after his state habeas petition was denied.

On April 2, 2012, the Magistrate Judge issued a Report recommending that the petition be dismissed as barred by the statute of limitations.  The Magistrate Judge noted that Robinson's conviction became final on January 27, 1995, at the conclusion of the time in which to seek discretionary review from the decision of the Twelfth Court of Appeals.  Because this date was before the limitations period was enacted, Robinson had a one-year grace period from the date of enactment, which was April 24, 1996.  Thus, Robinson's limitations period expired on April 24, 1997, unless extended by the operation of other factors.

The Magistrate Judge concluded that Robinson had failed to show any basis upon which to extend the expiration date of the limitations period, and that Robinson did not show any basis upon which the limitations period could be equitably tolled.  The Magistrate Judge further stated that Robinson's state habeas petition was filed well after the limitations period had expired and thus did not serve to extend this period.  Thus, the Magistrate Judge determined that Robinson's federal habeas petition should be denied.

Robinson filed objections to the Report of the Magistrate Judge on April 11, 2012.  These objections read, in their entirety, as follows:

> The petitioner objects to the findings, conclusions and recommendations.  Because the petitioner thought the district court would review my records and find out this following information:
>
> The judge in Anderson County, Texas, appointed the same attorney on this case a total of three times.  At trial he didn't produce the autopsy report to prove my innocence.  And at the time it was unknown to me.  And as my appeal attorney he did not file my petition for discretionary review.  But he told me he did and we was waiting on the court's response.  And he was appointed as my post-conviction DNA

testing attorney.  He told me that he had done his duty.  And we was waiting on the court.  But this was also untrue.  This is third time he had not done his duty.  I kept complaining to the judge.  And the judge sent me a copy of the autopsy report.

I could not have filed a federal writ of habeas corpus within the statute of limitations.  Because of this attorney John C. VanMeter's actions.  I could not file an Anders brief and try to review my transcripts from the clerk's office because I was appointed appeal attorney (John C. VanMeter who was also my trial attorney) and he was telling me that he was doing his duty.  And I found out why this attorney has negligence my case on three different times.  And helping the district attorney sweep my case under the rug.

Because I broke into his law office which has video cameras.  I thought it was an empty old house and I was trying to wait out the thunderstorms.  I found this out later after I was in prison.  I had kept asking my mom and old sister to go to his law office because I sent a friend with more knowledge of the law, to speak with my attorney about my case for me.  So when I found out this was my attorney's law office I had broken into, I started putting the pieces together.  And the newly discovered evidence is this autopsy report.  Petitioner's writ of habeas corpus should not be dismissed with prejudice as barred by the statute of limitations.  This is equitably tolled.

Robinson's objections do not address the gravamen of the Magistrate Judge's Report, which is that the delay of over 16 years between the affirmance of Robinson's conviction and the filing of his first state habeas petition plainly shows a lack of "reasonable diligence."  The courts have held that problems associated with obtaining transcripts and trial records for preparing a habeas corpus petition do not amount to "state-created impediments," setting off the commencement date of the limitations period.  Lloyd v. Vannatta, 296 F.3d 630, 632-33 (7th Cir. 2002); Randolph v. Taylor, 69 Fed.Appx. 824, 2003 WL 21421712 (9th Cir., June 13, 2003); Miller v. Cason, 49 Fed.Appx. 495, 2002 WL 31164208 (6th Cir., September 27, 2002); Crawford v. Costello, 27 Fed.Appx. 57, 2001 WL 1485838 (2nd Cir., November 20, 2001); Cole v. Director, TDCJ, civil action no. 6:09cv128, 2009 WL 1468470 (E.D.Tex., May 26, 2009) (no appeal taken).

Similarly, the Fifth Circuit has held that a prisoner is not entitled to equitable tolling because he is unable to obtain a free transcript or other court documents.  See Johnson v. Johnson, 194 F.3d 1309, 1999 WL 767047 (5th Cir., Sept. 3, 1999); accord, Davis v. Quarterman, civil action no. 3-06-CV-2183, 2007 WL 316903 (N.D.Tex., Feb. 2, 2007, no appeal taken) (inability to obtain trial transcripts or other court documents does not warrant equitable tolling); Wright v. Dretke, civil

action no. 3-05-CV-0518, 2005 WL 1629321 (N.D.Tex., July 11, 2005, certificate of appealability denied by Fifth Circuit) (receipt of trial transcripts more than one year after conviction became final did not warrant equitable tolling).

Robinson offers nothing to explain the extraordinary 16-year delay between the affirmance of his conviction and the filing of his state habeas petition.  As the Magistrate Judge stated, a petitioner may be entitled to equitable tolling only if he shows that he has been pursuing his rights "diligently" and that some "extraordinary circumstance" stood in his way and prevented timely filing.  Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).  Robinson has not shown that he could not have discovered the autopsy report in a timely manner through the exercise of "reasonable diligence."  His objections to the Magistrate Judge's Report are without merit.

The Court also notes that although Robinson grounds his federal habeas petition on a claim of actual innocence, the Fifth Circuit has held that a free-standing claim of actual innocence does not provide a basis for habeas corpus relief; rather, it is a gateway through which a habeas petitioner must pass in order to have an otherwise barred constitutional claim considered on the merits.  Dowthitt v. Johnson, 230 F.3d 733, 741-42 (5th Cir. 2000).   This comports with Supreme Court precedent, which holds that claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas corpus relief absent a constitutional violation in the underlying state criminal proceeding.  Herrera v. Collins, 113 S.Ct. 853, 860 (1993), citing Townsend v. Sain, 372 U.S. 293, 317 (1963).

Instead, the Supreme Court has held that the traditional remedy for claims of innocence based upon new evidence, discovered too late in the day for a motion for a new trial, is executive clemency.  Herrera v. Collins, 113 S.Ct. 853, 869 (1993). The Governor of Texas, based upon a recommendation of a majority of the Board of Pardons and Paroles, may grant clemency.  Tex. Const., Art. IV, §11; Tex. Code Crim. Pro. Ann. art. 48.01.  Additionally, the Texas Court of Criminal Appeals has approved a procedure whereby claims of actual innocence may be tested through state habeas corpus.  State of Texas ex rel. Holmes v. Court of Appeals for the Third

<u>District</u>, 885 S.W.2d 389, 397 (Tex.Crim.App. 1994).  The option of seeking executive clemency, based upon his claim of actual innocence, remains open to Robinson.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's application for habeas corpus relief, the Report of the Magistrate Judge, and the Petitioner's objections thereto.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit.  It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Petitioner Eric Robinson is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 10th day of May, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE